THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM ANTHONY GANCI, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 29, 1968, convicting him of robbery in the first degree and other crimes, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Munder and Klein-field, JJ., concur; Martuscello, J., dissents and votes to remit the case to the trial court for a hearing on defendant's claim that his right to a speedy trial (Code Crim. Pro., § 668) was violated, and to hold the appeal in abeyance in the interim, with the following memorandum, in which Christ, J., concurs: The record reveals that defendant was indicted on June 1, 1967. In November, 1967, he moved to dismiss the indictment pursuant to section 668 of the Code of Criminal Procedure. Despite the fact that the motion was predicated upon delay in bringing defendant to trial, it was not until February 14, 1968, some three months later, that the motion was denied. Defendant's renewed motion for the same relief, made orally after counsel's opening upon the trial, on September 30, 1968, was also denied. It is defendant's contention that the 16-month interval between indictment and trial constituted a denial of his right to a speedy trial. The People contend that the delay was excusable, it having been occasioned by general calendar congestion and contributed to by substitutions in defense counsel. In my opinion, a delay of 16 months between indictment and trial, which is not contributed to by the defendant, is unreasonable and cannot be justified by general calendar congestion. There must certainly come a point where recognition of the practical difficulties in bringing a defendant to trial must yield to a defendant's right to a speedy trial (cf. *People* v. *Sylvester,* 29 A D 2d 985). Nevertheless, in determining whether a defendant has been denied the right to a speedy trial, relevant considerations include whether the defendant has contributed to the delay and whether he has been in custody while awaiting trial (*People* v. *Abbatiello,* 30 A D 2d 11, 15). The record and briefs herein contain conflicting statements concerning the question of whether defendant was in custody while awaiting trial. Although the record indicates that there was a total of four substitutions in defense counsel, all of which occurred subsequent to the denial of defendant's initial motion to dismiss the indictment, I find the record insufficient to determine whether these substitutions were brought about, directly or indirectly, by defendant's conduct and, if so, whether these substitutions in fact proximately caused the delay in bringing defendant to trial. It might very well be that the condition of calendar congestion was such that, even in the absence of the substitutions, defendant could not have been brought to trial sooner. Accordingly, the case should be remitted to the trial court for a hearing to determine whether defendant was incarcerated while awaiting trial, the circumstances which gave rise to the substitutions in counsel and whether, in fact, the substitutions delayed the commencement of defendant's trial.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VIGNY IRIZARRY, Appellant.— Judgment of the Supreme Court, Kings County, rendered February 28, 1969, affirmed. No opinion. Appeal by defendant from order of said court dated September 29, 1969, which denied his motion for a reduction of sentence, dismissed. No appeal lies from an order denying a motion for reduction of sentence. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.